Theodore R. **THOMAS**, Appellant,

v.

Mamie P. **JACKSON** and Cecelia Posey,
Appellees.

No. 4322.

District of Columbia Court of Appeals.

Argued Nov. 12, 1968.

Decided April 25, 1969.

Frank R. Cook, Jr., Washington, D. C.,
for appellant.

Robert M. Alexander, Arlington, Va., and
Roy M. Ellis, Washington, D. C., entered
an appearance for appellees.

Before KELLY, FICKLING and KERN,
Associate Judges.

KERN, Associate Judge:

This is an appeal from an order by the
trial court dismissing an action by appellant,
a licensed real-estate broker, against his
principals, the appellees, for a commission
which he alleges is due him for services

rendered in connection with some 31 acres of unimproved land in Charles County, Maryland, which appellees listed with him for sale. The listing read:

> You are hereby authorized to offer for sale our property located at Rt 425 Charles County, Md. lot WMH 71 Folio 265 at a price of $31,000 for which I will pay a commission of 10%.

> This authority is exclusive for Nine Months as of Dec. 10, 1964. You are authorized to advertise and place a sign "For Sale" on the premises.

Appellant testified at trial that he showed the property to several prospects before he found a purchaser who deposited $1,000 in escrow and executed a contract with appellees on April 10, 1965, to buy the property. The parties agreed on a sales price of $13,500 and settlement within 60 days. Appellees were unable to make settlement within the period specified because of a cloud on their title created by the claims of certain unidentified persons described in the record only as "heirs" of the appellees.

Appellant was cross-examined as follows:

> Q: Then you and the purchaser, prospective purchaser, knew that there was cloud on the title to the property and you made your settlement on the property contingent on clearing up the title; is that not correct?

> A: Mrs. Jackson [one of the appellees] had told me that *she* could get clear title to the property. Otherwise, if *she* hadn't, we wouldn't have attempted the sale. But, see, Mrs. Jackson had said that *she* had—that *she* would definitely get clear title and it was promised that *she* would get clear title. (Emphasis supplied.)

The sales contract contained a typewritten insert,

> The above property is to be sold clear of any encumbrances, If the purchaser

cannot get clear title in in [sic] 60 days his deposit will be refunded.

and a handwritten insert, initialled by all the parties,

> The purcherser [sic] is authorized to offer heirs a maximum of $200.00 dollars to get clear title to property.

Appellant testified further that the prospective purchaser agreed to an extension of the settlement date for 60 days and went to see one of the "heirs" but at the end of the additional time the sale still could not be consummated and he took back his earnest money.

At the conclusion of appellant's testimony at trial, appellees moved to dismiss on the ground that he had not produced a ready, willing, and able purchaser and so was not entitled to his commission. The trial court, after examining the listing and the contract, concluded:

> [T]he contract says: "The purchaser is authorized to offer heirs a maximum of $200 to get clear title to property." And the testimony is that this was never done.

> So, I have to grant the motion.

We think it was error for the trial court to dismiss appellant's complaint. The property listing fixes the rights and obligations of a broker and his principals unless it is modified by a subsequent agreement between them. Coldicott v. W.C. & A.N. Miller Development Co., D.C.Mun.App., 47 A.2d 518, 519 (1946); Leo M. Bernstein & Co. Sales, Inc. v. Miller, D.C.Mun.App., 125 A.2d 851, 852 (1956). Appellant's evidence showed that he met his obligations under the listing. Thus, within the time allotted him by the listing he produced a purchaser who made a down payment and signed a contract to purchase appellees' land. Although appellees had specified in their listing a sales price of $31,000 for their land, they accepted a modification of such selling price by executing the contract

of sale with the prospective purchaser for $13,500.

■ We recognize the general rule that in order for a broker to succeed in an action for his commission he must show that the prospective purchaser has ability and intent to perform under the sales contract. However, we have also recognized that when the owners of realty accept a prospective buyer's offer by entering into a contract of sale and then prevent the carrying out of the contract by their own default, the burden is upon them to show that the buyer would have been unable or lacked the intent to carry out the sale. Shaffer v. Berger, D.C.Mun.App., 81 A.2d 469, 472 (1951). The sale fell through because seller-appellees were unable to produce marketable title and not because the buyer was unable or unwilling to proceed.

■ The trial court seems to have determined that the prospective purchaser rather than appellees had the entire obligation of obtaining clear title to appellees' land. Since he never cleared the cloud from appellees' title, the trial court reasoned that appellant had failed to produce a buyer who was willing and *able* to purchase the property. Therefore, the court concluded, appellant was not entitled to his commission. Whatever other evidence might have been adduced had the trial continued and appellees put on their case,[1] there was no evidence in the record at the conclusion of appellant's case to support a finding that appellant and appellees had modified their listing so that appellant became obliged as a part of *his* duties to produce a buyer who would assume appellees' responsibility to produce clear title to their land. In light of the usual obligation on an owner to produce marketable title to the realty he seeks to sell and the unequivocal testimony by appellant that appellees had repeatedly assured him that *they* would be able to obtain clear title, we do not read the inserts to the sales contract as evidencing an agreement

by the buyer to undertake sole responsibility for obtaining clear title to the property he wanted to purchase. The inserts merely gave the purchaser authority to subtract up to $200 from the purchase price and pay this to the heirs as a part of his voluntary efforts *to assist* appellees in clearing the cloud from their title.

We conclude that appellant established a prima facie case that he was entitled to his commission and the trial court erred in dismissing his complaint.

Reversed with instructions to award a new trial.

---

1. Appellees filed no brief in this court and did not appear at oral argument.